[Crim. No. 3400. In Bank.—March 26, 1931.]

THE PEOPLE, Respondent, v. WILBUR McCABE, Appellant.

Frederic H. Vercoe, Public Defender, and Franklin Padan, Chief Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, John L. Flynn and James I. Howie, Deputies Attorney-General, and Charles J. Orbison, for Respondent.

PRESTON, J.—Information filed by the district attorney of Los Angeles County charged defendant in the first count with the crime of murder and in the second count with the crime of attempted robbery. Defendant admitted prior conviction of a felony, to wit, robbery, for which he had been imprisoned and less than six months previously released on parole. After due proceedings, this cause came to trial and the jury thereafter returned two verdicts, one finding the defendant guilty of murder in the first degree and the other finding him guilty of attempted robbery. Judgments of conviction followed, imposing the death penalty, and from said judgments and the order denying his motion for a new trial, defendant now prosecutes this appeal.

The record leaves not the slightest doubt concerning the guilt of appellant. It appears that Henry P. Miller, for many years night clerk at the University club of Los Angeles, came on duty about 11 o'clock P. M. of June 15, 1930. At about 12:35 A. M., the following morning, appellant, armed with a loaded revolver, entered the lobby for the purpose of committing a robbery. Said clerk was seated in his office facing the lobby. Appellant approached and handed him a note reading in substance: "You are stuck up. Don't put your hands up or dare make a sign. If you try to make signs to anyone you will die. Put all cash from drawer into bag and pass it to me. Then get in the closet for five minutes. Slam door shut." The night watchman, making his regular rounds, passed the office, observed the man he later identified as appellant talking to said clerk, heard nothing of what was being said, and passed through a door into the club garage. The clerk, however, was evidently resisting the demands of appellant; at any rate, a scuffle followed, during which appellant fired two shots in quick succession, inflicting fatal wounds from which said clerk died the following day. These shots were heard by said watchman and by the elevator man; thus police and surgeon arrived at the scene within a short time.

During the affray the clerk, with his penknife stabbed appellant in the face, causing it to bleed profusely. Appellant fled through the lobby and club garage and through the byways to his room, leaving a trail of blood spots to guide the police to him. They soon apprehended him while in his bathroom endeavoring to cleanse the blood from his face. Here they also found his blood-stained clothing. Along the route taken by appellant to his room and, where cast near the sewer drain, was found the revolver from which said shots were fired, with cylinders missing, but with three loaded shells of the same caliber near by.

Said clerk, in the consciousness of approaching death, identified the note above set forth, and on two different occasions gave statements describing the whole occurrence and the appearance of the robber. Appellant was taken to his bedside in the hospital and there, after the bandages were removed from appellant's face, the dying man identified him positively as his assailant. Appellant himself was questioned by the police a number of times and, al-

though first denying his participation in the crime, later admitted that he went to said club to commit a robbery and shot when he was resisted. Upon the trial he repudiated all of his admissions of guilt, charging the police with unfair methods in forcing a confession from him when he was still weak from loss of blood. He claimed that during the period in question he was under the influence of intoxicants, although competent witnesses testified that he was perfectly sober at the time his wounds were treated. In defense appellant further asserted that decedent was a moral pervert and planned the attempted robbery for him after having engaged with him in numerous acts of depravity. The evidence in refutation of these foul aspersions was both abundant and conclusive.

Appellant, therefore, finds himself on appeal with the sole contention that the trial court erred in refusing to give two instructions requested by him, one with respect to discretion of the jury as to which punishment should be imposed in the event they found him guilty of murder in the first degree, the other with reference to the death penalty. The contention does not merit a detailed discussion. The charge as given by the court contained a full and correct exposition of the law upon the subject matter in question. All of the instructions given and requested have received our careful consideration. We find that the charge of the court was ample, complete, free from prejudicial error and covered all points necessary to a proper determination of the cause. In fact, the entire record is free from prejudicial error.

The judgment and order are therefore affirmed.

Curtis, J., Langdon, J., Seawell, J., Richards, J., Waste, C. J., and Shenk, J., concurred.